**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROGER A. TAPIA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN,**<br><br>Defendant - Appellee. | No. 10-35612<br><br>D.C. No. 3:09-cv-00110-RRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted May 24, 2013***
Fairbanks, Alaska

Before: TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* Carolyn W. Colvin is substituted for her predecessor Michael J. Astrue, Commissioner of Social Security, pursuant to Fed. R. App. P. 43(c)(2).

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Appellant Roger A. Tapia appeals the district court's affirmance of the Administrative Law Judge's (ALJ) decision finding Tapia was not disabled and ineligible for benefits. We affirm.

1. The ALJ presented specific findings regarding (1) whether Tapia had a medically determinable mental impairment; (2) Tapia's degree of functional limitation in four functional areas; (3) the severity of Tapia's mental impairment; and (4) whether the impairment met or equaled a listed mental disorder. *See Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011) (explaining the four required steps of the "special psychiatric review technique"). Substantial evidence supports the ALJ's findings, including the evaluation of the severity of Tapia's mental impairments. *See* 20 C.F.R. § 404.1520(c) (lack of severe impairment means claimant is not disabled). To the extent that Tapia argues for a different interpretation of this evidence, assuming two rational interpretations are possible, we must affirm the ALJ. *See Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

Even if the ALJ committed error in his severity finding, the error was harmless. Where an ALJ commits legal error, it is reversible only if it prejudices the claimant. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). Although

the ALJ found at step two that Tapia's mental impairments were "mild" or "none," the ALJ nonetheless considered the mental impairments at the remaining steps.

2.  When assigning weight to medical expert opinions, Social Security regulations require consideration of the examining relationship, treatment relationship, supportability, consistency, specialization, and any other relevant factors.  *See* 20 C.F.R. § 404.1527(c).  Under this framework, it was not error for the ALJ to assign less weight to the medical consultants' opinions based on their (1) lack of an in-person examination, *id.* § 404.1527(c)(1), and (2) unfamiliarity with all of the relevant record evidence, *id.* § 404.1527(c)(6).[1]

3.  Tapia's passing references to arguments made before the district court are waived for failure to comply with Federal Rule of Appellate Procedure 28(a)(9). *See Christian Legal Soc'y v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010).

4.  We decline to remand to allow the ALJ to consider evidence subsequently submitted to and reviewed by the Appeals Council.  The cited

---

[1] Even if the ALJ had given more weight to the medical consultants' opinions, this would not have changed the outcome at step three.  In order to demonstrate a "listed impairment" of the relevant mental disorders, Tapia would have had to show "marked" limitation in functioning, which means "more than moderate but less than extreme."  20 C.F.R. ch. III, pt. 404, subpt P, app. 1, § 12.00(C).

evidence supports the ALJ's decision and undermines Tapia's assertions.  Thus, remand would be fruitless.

**AFFIRMED.**